· SULLIVAN v. LIGGINS.   (No. 324.)

(Supreme Court, Appellate Term, Second Department.   October, 1914.)

PARENT AND CHILD (§ 3*)—FILLING CHILD'S TEETH—PARENT'S LIABILITY.

The parent cannot be held, on the theory of an implied contract for necessaries, where, unauthorized by him, his infant child goes to a strange dentist, by whom no member of the family had previously been treated, and has his teeth filled, on a representation that his father will pay.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–62; Dec. Dig. § 3.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

· Action by William F. Sullivan against William Liggins. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued October term, 1914, before KAPPER, KELLY, and BLACKMAR, JJ.

Herbert H. Gibbs, of New York City, for appellant.

Charles Burstein, of Brooklyn, for respondent.

KAPPER, J. There may be circumstances where services or commodities of which a child stands in immediate need render the previous assent of the parents unreasonable or inexpedient to seek. In such a case the person procuring the supply is the agent of the parent ex necessitate. Ketchem v. Marsland, 18 Misc. Rep. 452, 42 N. Y. Supp. 7. That cannot be said of this case, where the suit is by a dentist to recover on a bill for $85 for dental work in filling the teeth of the defendant's 18 year old son without the knowledge or consent of the parent. For a bill of such character the assent of the parent cannot be implied, particularly when the dentist never before performed work for the parent, or any member of his family, and where the parent was not shown to have had any knowledge of the performance of the services until after their completion. Where an infant goes to a strange dentist, by whom no member of his family has ever been treated before, and has dental work performed upon a representation that his father will pay, the dentist should first ascertain whether

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or not the father has authorized the work to be done, and if he fails to do so he cannot hold the father liable upon the theory of implied contract for necessaries.

Judgment reversed, with costs of this appeal, and complaint dismissed.

KELLY and BLACKMAR, JJ., concur.